## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RONZA MOHAMMED-HUSSIEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) Case No: <br> ) <br> UNITED RECOVERY SYSTEMS, LP, and ) <br> CAPITAL ONE AUTO FINANCE, INC. ) <br> ) <br> Defendants. ) | |

### NOTICE OF REMOVAL

Defendant Capital One Auto Finance, Inc. ("Capital One"), by counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the above-entitled action, which is currently pending in the 35th District Court of the State of Michigan (Case No. 15C3425GC), and states as follows:

### Background

1. On August 20, 2015, Plaintiff Ronza Mohammed-Hussien ("Plaintiff") commenced an action against Capital One and United Recovery Systems, LP ("United Recovery" and collectively, "Defendants") in the 35th District Court for the State of Michigan by filing a complaint asserting claims against United Recovery under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Michigan Occupational Code; and against Capital One under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, and for intentional infliction of emotional distress, negligence, negligence *per se*, defamation by libel, and malicious statutory libel. (A copy of Plaintiff's Complaint is attached as Exhibit A.)

2. Capital One was purportedly served with a Summons and a copy of the

Complaint on or about August 31, 2015.

3. The Summons and Complaint constitute "all process, pleadings, and orders served upon" Capital One in this action to date. 28 U.S.C. § 1446(a).

### Timeliness of Removal

4. Capital One received notice of this action through the service of the Summons and Complaint on or about August 31, 2015. Therefore, this notice of removal is timely under 28 U.S.C. § 1446(b) because less than 30 days have passed since Capital One was served with Plaintiff's Complaint.

### Consent to Removal

5. Defendant United Recovery provided its consent to removal on September 11, 2015. (A copy of United Recovery's Consent to Removal is attached as Exhibit B.)

### Removal Jurisdiction

6. This action is properly removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction of this case under 28 U.S.C. § 1331, which provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. Specifically, Plaintiff's Complaint alleges that United Recovery violated an unspecified section of the FDCPA when it "sent the Plaintiff a letter, continuing to collect the alleged debt, and representing falsely that the Plaintiff had requested information from [United Recovery]." (Compl. ¶ 11.) Plaintiff also alleges that Capital One violated Section 1681s-2(b) of the FCRA by failing to conduct a reasonable investigation into the accuracy of reported credit information. (*Id.* at ¶¶ 30-41.)

8. Accordingly, because Plaintiff's claims are brought under the FDCPA and

FCRA, this is a civil action "arising under the Constitution, laws, or treaties of the United States" pursuant to Section 1331, and removal is appropriate pursuant to Sections 1441 and 1446.

9. Removal to this court is proper as the United State District Court for the Eastern District of Michigan embraces the 35th District Court of the State of Michigan, where the state court action was filed.

### Notice to State Court and Plaintiff

10. Pursuant to 28 U.S.C. § 1446(d), Capital One is promptly providing written notice of this removal to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Court for the 35th District Court.

WHEREFORE, Defendant Capital One Auto Finance, Inc. respectfully requests that the above-entitled action be removed from the 35th District Court of the State of Michigan to this Court.

Respectfully submitted,

CAPITAL ONE AUTO FINANCE, INC.

By: /s/ Stephen W. King
One of its attorneys

Stephen W. King (P56456)
KING & MURRAY PLLC
355 S. Old Woodward, Suite 100
Birmingham, MI 48009
(248) 792-2398
sking@kingandmurray.com

## **CERTIFICATE OF SERVICE**

I, Stephen W. King certify that on September 15, 2015, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system and deposited a copy the same in the U.S. Mail, proper postage prepaid, to the individual listed below:

Adam G. Taub
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075

/s/ Stephen W. King

# EXHIBIT

# A

STATE OF MICHIGAN
35TH DISTRICT COURT

RONZA MOHAMMED-HUSSIEN,

    Plaintiff,

-vs-

UNITED RECOVERY SYSTEMS, LP, and
CAPITAL ONE AUTO FINANCE, INC.

    Defendants.

DEMAND FOR JURY TRIAL

Case No.
Hon.

## COMPLAINT & JURY DEMAND

### Introduction

1.     The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C..§1692 *et seq.* broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### Jurisdiction

2.     The amount in controversy is less than $10,000.00.

## Parties

3. The Plaintiff to this lawsuit resides in Canton, Michigan in Wayne County.

4. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") at §1681a(c).

5. United Recovery Systems, Inc. ("United Recovery Systems, LP") is an out-of-state corporation doing business in Michigan.

6. Capital One Auto Finance, Inc. ("COAFI") is an out-of-state corporation doing business in Michigan.

7. The Defendant to this action is Capital One Auto Finance, Inc. ("COAFI"), a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## Venue

8. The transactions and occurrences which give rise to this action occurred in Plymouth, Michigan in Wayne County.

9. Venue is proper in the 35th District Court.

## General Allegations

10. On or about April 1, 2015, Plaintiff sent the Defendant a written notice stating that she disputed a debt that United Recovery Systems, LP was attempting to collect from her and refused to pay it.

2

11. On or about May 4, 2015, United Recovery Systems, LP sent the Plaintiff a letter, continuing to collect the alleged debt, and representing falsely that the Plaintiff had requested information from United Recovery Systems, LP in violation of the FDCPA.

12. Plaintiff discovered false information on one or more of her consumer reports ("COAFI false information").

13. Ms. Mohammed-Hussien disputed the COAFI false information by transmitting actual notice of her dispute along with an adequate description and explanation to one or more major credit reporting agencies.

14. Ms. Mohammed-Hussien requested that one or more major credit reporting agencies reinvestigate and correct the COAFI false information as envisioned by 15 U.S.C. § 1681i.

15. Ms. Mohammed-Hussien's request for reinvestigation included sufficient information to provide actual notice that the COAFI false information was inaccurate and the source of information was not reliable.

16. One or more credit reporting agencies responded to this dispute from Ms. Mohammed-Hussien by requesting verification of the COAFI false information from COAFI.

17. COAFI responded to the reinvestigation request by verifying the COAFI false information.

18. COAFI failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

19. As a result of COAFI's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

## COUNT I – Fair Debt Collection Practices Act (United Recovery Systems, LP)

20. Ms. Mohammed-Hussien incorporates the preceding allegations by reference.

21. At all relevant times United Recovery Systems, LP – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

22. United Recovery Systems, LP is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

23. United Recovery Systems, LP's foregoing acts in attempting to collect this alleged debt against Ms. Mohammed-Hussien constitute violations of the FDCPA.

24. Ms. Mohammed-Hussien has suffered damages as a result of these violations of the FDCPA.

## COUNT II – Michigan Occupational Code (United Recovery Systems, LP)

25. Ms. Mohammed-Hussien incorporates the preceding allegations by reference.

26. United Recovery Systems, LP is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

27. Ms. Mohammed-Hussien is a debtor as that term is defined in M.C.L. § 339.901(f).

28. United Recovery Systems, LP's foregoing acts in attempting to collect this alleged debt against Ms. Mohammed-Hussien constitute violations of the Occupational Code.

29. Ms. Mohammed-Hussien has suffered damages as a result of these violations of the Michigan Occupational Code.

## COUNT III – Fair Credit Reporting Act (COAFI)

30. Ms. Mohammed-Hussien incorporates the preceding allegations by reference.

31. COAFI was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Ms. Mohammed-Hussien through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

32. In the event that COAFI was unable to verify the information which it had reported, COAFI was required to advise the credit reporting agency of this fact.

33. Following the reinvestigation, COAFI reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

34. Following the reinvestigation, COAFI reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

35. Following the reinvestigation and dispatch of notice directly to COAFI, COAFI reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

36. Following the reinvestigation and dispatch of direct notice to COAFI, COAFI failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

37. COAFI willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Ms. Mohammed-Hussien's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

5

38. In the alternative, COAFI negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

39. COAFI willfully refused to properly reinvestigate the inaccuracies in Ms. Mohammed-Hussien's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

40. In the alternative, COAFI negligently failed to conduct a proper reinvestigation of Ms. Mohammed-Hussien's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

41. Ms. Mohammed-Hussien has suffered damages as a result of these violations of the FCRA.

## COUNT IV – Intentional Infliction of Emotional Distress (COAFI)

42. Plaintiff incorporates the preceding allegations by reference.

43. COAFI's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

44. COAFI intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

45. COAFI's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

46. Plaintiff has suffered damages as a result of the conduct of COAFI.

## COUNT V – Negligence (COAFI)

47. Plaintiff incorporates the preceding allegations by reference.

48. COAFI owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

49. Plaintiff holds a property interest in her good name, credit worthiness, and reputation.

50. COAFI's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

51. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by COAFI.

## COUNT VI– Negligence *Per Se* – (COAFI)

52. Plaintiff incorporates the preceding allegations by reference.

53. COAFI's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

54. Those unreasonable actions were *per se* unreasonable.

55. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by COAFI.

## COUNT VI – Defamation by Libel (COAFI)

56. Plaintiff incorporates the preceding allegations by reference.

57. COAFI's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

58. COAFI's publications were not privileged communications.

59. COAFI's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

60. The statements were *per se* defamatory.

61. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

62. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT VII – Malicious Statutory Libel (COAFI)

63. Plaintiff incorporates the preceding allegations by reference.

64. The inaccurate credit information was published with malice or ill-will.

65. Plaintiff has suffered damages as a result of this malicious libel by COAFI in violation of M.C.L. § 600.2911.

66. Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## Demand For Judgment for Relief

*ACCORDINGLY, Ms. Mohammed-Hussien requests that the Court:*

a. *Award actual damages.*

b. *Award statutory damages.*

c. *Award punitive damages.*

d. *Award statutory costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: s/ Adam G. Taub
Adam G. Taub (P48703)
Attorney for Ronza Mohammed-Hussien
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075
Phone: (248) 746-3790

Dated: August 18, 2015

8

# EXHIBIT

# B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RONZA MOHAMMED-HUSSIEN, | ) |
| Plaintiff, | ) ) ) ) |
| v. | )  Case No: |
| UNITED RECOVERY SYSTEMS, LP, and CAPITAL ONE AUTO FINANCE, INC. | ) ) ) ) |
| Defendants. | ) |

**CONSENT TO REMOVAL**

Defendant United Recovery Systems, LP, acknowledges its consent to removal of this action from the 35th District Court of the State of Michigan, to the United States District Court for the Eastern District of Michigan.

Dated: September 11, 2015

Respectfully submitted,

By: /s/ Brandon Carnes
Brandon Carnes
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60654
(312) 494-1000
(312) 494-1001
bcarnes@rfclaw.com

*Counsel for Defendant*
*United Recovery Systems, LP*